UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KING MICHAEL TUTANKHAMAN,<br><br>Plaintiff,<br><br>v.<br><br>NIGEL LEWIS, et al.,<br><br>Defendants. | Case No. 2:22-cv-01865-JAD-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>RE: ECF Nos. 1, 1-1 |

**I.    Introduction**

This matter comes before the Court on Plaintiff's application to proceed *in forma pauperis* and attached Complaint. ECF Nos. 1, 1-1. After review of Plaintiff's Complaint, the Court chooses to exercise its authority to *sua sponte* recommend dismissal with prejudice because Plaintiff "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). Whether an IFP application was filed by Plaintiff is not controlling to the below recommendation. The Court finds the matter suffers from delusional and frivolous allegations on which Plaintiff cannot possibly prevail.

**II.    Screening Standard**

A complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of

the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III. Plaintiff's Complaint

The Complaint, which is 152 pages in length, fails to allege any decipherable facts let alone a cause of action. As an initial matter, to the extent Plaintiff seeks to commence criminal proceedings he cannot do so. Federal law does not permit private citizens to bring criminal prosecutions. *Kidwell v. California Dep't. of Corrections and Rehabilitation*, Case No. 1:22-cv-00253-JLT-EPG (PC), 2022 WL 2307872, at *2 (E.D. Cal. June 27, 2022). Further, Plaintiff's filing contain irrational— indeed, wholly incredible allegations—often stringing together words that allege, at best, nothing more than nonexistent legal interest and delusional scenarios. Despite the Court's efforts, it is impossible to discern any cause of action in Plaintiff's filing that would survive screening after giving Plaintiff an opportunity to amend his filing. Plaintiff cannot cure the deficiencies such that he can state a claim against any of the numerous defendants named.[1]

### IV. Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) be denied.

IT IS FURTHER RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be dismissed with prejudice.

Dated this 7th day of November, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that there is an omnibus Report and Recommendation pending in sixty cases filed by Plaintiff. *See* Case No. 22-cv-01440-RFB-EJY, ECF No. 8. Among the recommendation made in that Report and Recommendation is the recommendation that Plaintiff be declared a vexatious litigant. *Id.* at 3-4.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).